# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 15, 2008

Charles R. Fulbruge III
Clerk

No. 07-30251
Conference Calendar

JONATHAN JOHNSON

Plaintiff-Appellant

v.

MARK SHARP; JOHN WELLS; JIMMY SMITH; MAI TRAN; RICHARD L STALDER; BURL CAIN; JOHN DOE

Defendants-Appellees

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:05-CV-1244

Before PRADO, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Jonathan Johnson, Louisiana prisoner # 119406, filed a 42 U.S.C. § 1983 civil rights complaint against various prison officials.  He alleged that two officers verbally abused and beat him during an excessive use of force incident.  He further alleged that after that incident, prison officials showed a deliberate indifference to his serious need for medical care.  Johnson asserted that, as a result of his confrontation with the two officers, he was wrongfully charged with

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

disciplinary actions and that he was denied the due process of law in conjunction with the hearing held on those charges.

The district court dismissed Johnson's complaint under FED. R. CIV. P. 12(b)(6) for failure to state a claim upon which relief may be granted. Johnson now appeals. We review Johnson's challenges to the district court's decision de novo. See In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007), cert. denied, 128 S. Ct. 1231 (2008).

Johnson argues that the district court erred in concluding that he had not been denied due process in conjunction with his disciplinary proceeding. However, his argument fails to address the district court's determination that his due process claim was not cognizable in his § 1983 complaint and should have been brought in a habeas corpus proceeding. Johnson's disagreement with the care provided by Dr. Mai Tran on March 17, 2005, does not give rise to a § 1983 cause of action, nor does unsuccessful medical treatment, negligence, neglect, or medical malpractice. See Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991). The district court therefore did not err in dismissing these claims under Rule 12(b)(6). See In re Katrina Canal, 495 F.3d at 205.

Johnson argues that the district court failed to consider his request that his federal claims be stayed pending the outcome of his state litigation of his claims. That request was raised for the first time in Johnson's objections to the magistrate judge's report and recommendation. Given the length of time that had passed between the filing of Johnson's § 1983 complaint and his request for a stay, the pendency of the defendants' dismissal motion, and Johnson's failure to demonstrate why he did not seek a stay of his federal claims earlier, the district court did not abuse its discretion in denying the stay request. See Hines v. D'Artois, 531 F.2d 726, 733 (5th Cir. 1976).

The district court did not err when it dismissed Johnson's complaint for failure to state a claim upon which relief may be granted. Johnson's appeal is frivolous, see Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983), and is

dismissed.  See 5TH CIR. R. 42.2.  The dismissal of this appeal as frivolous and the district court's dismissal of Johnson's complaint for failure to state a claim constitute two strikes for purposes of the 28 U.S.C. § 1915(g) bar.  Adepegba v. Hammons, 103 F.3d 383, 388 (5th Cir. 1996).  Johnson has at least two other strikes.  Johnson v. Flores, No. 04-30038 (5th Cir. July 29, 2004).  Johnson has accumulated three strikes, and he may no  longer proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  See § 1915(g).

APPEAL DISMISSED; 28 U.S.C. § 1915(g) BAR IMPOSED.